UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
STACEY MAKHNEVICH,                                                      :
                                                                        :
                              Plaintiff,                                :         23-CV-1559 (JMF)
                                                                        :
              -v-                                                       :         ORDER
                                                                        :
ARROWOOD INDEMNITY COMPANY, et al.,                                     :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties were ordered to appear for an initial pretrial conference today, June 29, 2023, at 10:30 a.m., *see* ECF Nos. 34-35, but Plaintiff did not appear.

      Upon reviewing Plaintiff's Complaint and Defendants' letter filed in advance of the conference, ECF No. 38, however, the Court concludes that it should — indeed must — confirm that it has jurisdiction before commencing with discovery. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

      The issue is whether Plaintiff has "standing" to bring this lawsuit. To bring a case in federal court, a plaintiff must plead and prove three things: first, that she "suffered an injury in fact," one that is "concrete, particularized, and actual or imminent"; second, that "the injury was likely caused by the defendant"; and third, and that injury can "likely be redressed" by the Court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Defendants argue that Plaintiff has not suffered "an injury in fact" because, while she alleges that Defendants placed a lien on her primary residence, which will restrict her ability to relocate, she does not allege that she is

attempting to move.  ECF No. 38; *see also* ECF No. 1, ¶¶ 116, 144.

In light of the foregoing, Defendants shall file a motion to dismiss for lack of subject-matter jurisdiction by **July 20, 2023.**  Plaintiff shall file any opposition by **August 17, 2023,** and Defendants shall file any reply by **August 24, 2023**.

In addition, Plaintiff and the appearing Defendants have indicated that they are open to settlement.  In light of that, and because the Court firmly believes that this case can and should settle, the Court will enter a separate Order referring the parties to Magistrate Judge Gorenstein for settlement purposes.  The parties are directed to contact Judge Gorenstein within **one week of the date of this Order** to schedule a settlement conference as soon as practicable.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 29, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2