**ROBERT L. ARLEO, ESQ. P.C.**
1345 Avenue of the Americas
33rd Floor
New York, N.Y.  10105

Telephone: (212) 551-1115                                        Fax: (518) 751-1801
Email: robertarleo@gmail.com                                wwwrobertarleo.com

September 28, 2023

Honorable Jesse M. Furman
U.S. District Judge
Thurgood Marshall United
States Courthouse
40 Foley Square
New York, New York  10007

RE: Stacy Makhnevich v. Arrowood Indemnity Company et al.
23-cv-1559 (S.D.N.Y) (JFM).

Dear Judge Furman:

   I am forced to waste my valuable time to respond to the latest filing by the Plaintiff (Dkt. No. 66). Therein, the Plaintiff objects to my alleged request for an "extension of time" to respond to her two filings yesterday. In contrast to the Plaintiff's characterization, I did not ask for an extension of time to respond, I simply asked for a confirmation of a date to respond to each filing. Indeed, the Plaintiff has styled her attack upon me as a "motion" and her second filing is styled as an opposition to a motion. As Your Honor knows, a party will be typically granted 30 days to oppose a motion and 14 days to reply to an opposition to a motion. Although I want to refute the allegations of unethical conduct alleged against me by the Plaintiff as soon as possible, and as I similarly wish to address the Plaintiff's bizarre opposition to the withdrawal of a motion which could have effectively ended her case in this Court, I need the requested time to respond fully and completely to each of the referenced filings by the Plaintiff.

   In regard to mailing copies of filings to the Plaintiff, I have no issue doing so going forward. However, and as I am working from my home office in Greene County, New York, those mailings will likely reach the Plaintiff after she receives the mailings from the Pro Se office.

Respectfully submitted,

/ s / *Robert L. Arleo*

Robert L. Arleo

RLA:gra
CC: Plaintiff via email and via regular mail
    Defendants via email

Defense counsel need not respond to either of Plaintiff's filings. Plaintiff's objection to counsel's withdrawal of the motion to dismiss is frivolous given that it led to a result favorable to her.  As for the mailings, the Court trusts that any failure to mail filings to Plaintiff was inadvertent and not intentional and that counsel will do better going forward.  To be clear, unless and until Plaintiff consents to electronic service (which the Court encourages her to do to avoid delays due to mailing), it is counsel's obligation to mail defense filings to Plaintiff, not the Court's responsibility. The parties should turn their focus to the substance of this litigation rather than these distractions.  The Clerk of Court is directed to terminate ECF No. 63 and to mail this endorsed letter to Plaintiff.  SO ORDERED.

September 28, 2023