```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
STACEY MAKHNEVICH,                                            :
                              Plaintiff,                      :
                                                              :          23-CV-1559 (JMF) (VF)
                    -v-                                       :
                                                              :           MEMORANDUM
ARROWOOD INDEMNITY COMPANY, et al.,                           :          OPINION AND ORDER
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On September 28, 2023, the Court referred this case, brought against Arrowood Indemnity Company ("AIC") and other Defendants, for General Pretrial purposes to Magistrate Judge Figueredo.  *See* ECF No. 69.  On November 17, 2023, AIC wrote to Magistrate Judge Figueredo to advise that AIC was the "subject of a liquidation proceeding" in Delaware state court and that that court had issued an order staying all suits pending against AIC; on that basis, AIC requested that Magistrate Judge Figueredo "stay all proceedings . . . pending further developments."  ECF No. 89.  Three days later, other Defendants filed a letter joining in the request for a stay "on all proceedings."  ECF No. 90.  Plaintiff, who is proceeding without counsel, did not oppose a stay of proceedings against AIC, but did oppose any stay as to the other Defendants.  *See* ECF No. 91.  On November 20, 2023, Magistrate Judge Figueredo granted AIC's request for a stay.  *See* ECF No. 92.  Plaintiff timely filed an objection to that ruling under Rule 72(a) of the Federal Rules of Civil Procedure.  *See* ECF No. 93.

The parties spill much ink on whether the Court should look to the standards governing stays in the bankruptcy context, in the context of Securities and Exchange Commission receiverships, or in the context of the Financial Institutions Reform, Recovery, and Enforcement

Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989).  *Compare* ECF Nos. 93 and 99 ("Pl.'s Reply"), *with* ECF No. 98 ("Defs.' Opp'n").[1]  The Court need not and does not settle that debate because, whatever the appropriate standards may be, Magistrate Judge Figueredo also had "discretion" — "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" — to stay this case "to simplify the issues to be tried and promote economy of effort for all concerned."  *UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20-CV-10664 (VB), 2021 WL 6137097, at *2 (S.D.N.Y. Dec. 29, 2021) (cleaned up); *see, e.g.*, *Int'l Fid. Ins. Co. v. Yorkville Fed. Sav. & Loan Ass'n*, No. 90-CV-3767 (JSM), 1990 WL 165720, at *2 (S.D.N.Y. Oct. 19, 1990) ("It is clear that a court has the discretionary power to stay proceedings [as to all defendants when the proceedings are stayed as to one] as an offshoot of its inherent power to control its docket."); *see also, e.g.*, *Cassese v. Wash. Mut., Inc.*, No. 05-CV-2724 (ADS) (ARL), 2009 WL 3599552, at *5 (E.D.N.Y. Apr. 6, 2009) (extending a stay as to one defendant pursuant to FIRREA to all defendants "for the purposes of judicial economy").

Admittedly, it would have been better for Magistrate Judge Figueredo to have made clearer the basis for her stay — and to have addressed Plaintiff's objections to the scope of the stay.  Moreover, it was Defendants' burden to establish that a stay was warranted, *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012), and Defendants' peremptory letters seeking a stay did little or nothing to carry that burden.  But in view of Magistrate Judge Figueredo's broad power to manage the docket and Defendants' submission to this Court, which addresses the relationship between Plaintiff's claims against AIC and claims

---

[1] Plaintiff's motion seeking leave to file a reply, although opposed, is granted.  The reply, however, does not affect the Court's analysis or conclusions.

against the other Defendants and proffers a rationale for extending the stay to all Defendants, the Court cannot say that her order is clearly erroneous or contrary to law. *See, e.g.*, *SEC v. Genovese*, 553 F. Supp. 3d 24, 38 (S.D.N.Y. 2021) (noting that decisions to stay or not stay proceedings are "non-dispositive" matters that, pursuant to Rule 72(a), may be set aside by the district court only if they are clearly erroneous or contrary to law); *M.B. v. N.Y.C. Dep't of Educ.*, No. 22-CV-6405 (JPC) (SN), 2023 WL 5695487, at *1 (S.D.N.Y. Apr. 20, 2023) (reviewing the denial of a stay as a non-dispositive matter under Rule 72(a) and noting the broad discretion afforded to judges in deciding whether to grant a motion to stay); *see also, e.g.*, *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) (noting that a reviewing court is "free to affirm a decision on any grounds supported in the record").

For these reasons, Plaintiff's objections are overruled and Magistrate Judge Figueredo's stay order is affirmed. That said, the Court encourages Magistrate Judge Figueredo to reassess the stay depending on the progress (or lack thereof) in the AIC liquidation proceedings — and, assuming she maintains the stay, to do so periodically going forward. Further, in the event that Magistrate Judge Figueredo issues any ruling maintaining or extending the stay as to Defendants other than AIC, the Court encourages Magistrate Judge Figueredo to elaborate on the reasons for her ruling and to address any party's objections so as to facilitate review by this Court.

The Court feels compelled to address one final matter. Both sides appear to have copied wholesale portions of their filings in this Court from other sources — without citation, let alone acknowledgement. First, a large chunk of Defendants' brief is copied nearly verbatim from a law firm blog post. *Compare* Defs.' Opp'n 3-5, *with* Peter A. Davidson, *How does a creditor obtain relief from a receivership stay order?*, ECJ BLOGS (Nov. 8, 2016), https://www.ecjlaw.com/ecj-blog/how-does-a-creditor-obtain-relief-from (last visited Mar. 7, 2024). Not to be

outdone (though at least borrowing from higher authority), Plaintiff filed a reply in which she copied a whole paragraph from a 2016 decision of the Delaware Court of Chancery. *Compare* Pl.'s Reply 3-4, *with In the Matter of Liquidation of Freestone Ins. Co.*, 143 A.3d 1234, 1252 & n.16 (Del. Ch. 2016). The Court would be on firm ground imposing sanctions on one or both sides for this misconduct but will let everyone off with a warning. If the parties fail to include appropriate attributions in future filings, appropriate sanctions will be imposed.

    The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 8, 2024
       New York, New York

                                      JESSE M. FURMAN
                                  United States District Judge

4