**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

STACY MAKHNEVICH,

                           Plaintiff,                         **23-CV-01559 (JMF) (VF)**

          -against-                                   **ORDER**

ARROWOOD INDEMNITY COMPANY,
ROACH & MURTHA ATTORNEYS AT LAW, P.C.,
TIMOTHY MURTHA, ARROWPOINT
CAPITAL MANAGEMENT, L.L.C., ARROWPOINT
GROUP, L.L.C., ARROWPOINT PARTNERS, L.P.,
JOHN/JANE DOES 1-20, ROACH & MURTHA, PC,
ONE WORLD JUDICIAL SERVICES INC.,
SUSAN CORTINA, MUSAB NASSAR,

                            Defendants.

------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On November 20, 2023, the Court granted a request by Defendant Arrowood Indemnity Company to stay this case pending resolution of a liquidation proceeding in Delaware Chancery Court. See ECF Nos. 89, 92. Since that time, Plaintiff's case, which commenced on February 24, 2023, has not progressed beyond the filing of an amended complaint on October 2, 2023.

On June 6, 2025, the Court asked the parties for a joint status update. ECF No. 103. On July 11, 2025, Defendants One World Judicial Services Inc., Susan Cortina, and Musab Nassar submitted a letter indicating that the liquidation proceeding for Defendant Arrowood Indemnity was still ongoing and requesting that this case remain stayed. ECF No. 104. Plaintiff requested that the Court lift the stay in the case. The Court subsequently ordered the parties to submit letter briefs addressing whether the stay should be lifted. ECF No. 105.

On July 29, 2025, Plaintiff submitted her letter brief, arguing that the stay should be lifted. ECF No. 107. Arrowood Indemnity opposed the request, relying on the fact that the Delaware Court of Chancery in the liquidation proceeding had issued an order enjoining all persons from instituting or further prosecuting any action at law or in equity against Arrowood. ECF No. 110. The Court held a conference to address the issue on November 12, 2025. ECF No. 132 ("Tr.").

"A district court has the inherent power to 'control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.'" TradeWinds Airlines, Inc. v. Soros, Nos. 08-CV-5901 (JFK), 10-CV-8175 (JFK), 2011 WL 309636 at *3 (S.D.N.Y. Feb. 1, 2011) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay, courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation, and (5) the public interest." Bmaddox Enters. LLC v. Oskouie, No. 17-CV-1889 (RA) (HBP), 2018 WL 1229835, at *4 (S.D.N.Y. Mar. 6, 2018) (quoting Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." Kappel, 914 F. Supp. at 1058. The party seeking a stay bears the burden of demonstrating the need for a stay. Cengage Learning, Inc. v. Google LLC, No. 24-CV-04274 (JLR), 2025 WL 2431591, at *2 (S.D.N.Y. Aug. 22, 2025) (citation omitted).

Applying the relevant factors, a stay is no longer appropriate in this case. Plaintiff, who is proceeding pro se, commenced this action in February 2023. Plaintiff's claims appear to stem

2

from debt-collection efforts by Defendants that resulted in a default judgment against Plaintiff in state court. More than two years have elapsed since Plaintiff filed this lawsuit but the case remains in its infancy. It has not progressed to discovery. Moreover, it appears that the liquidation proceeding involving Arrowood Indemnity, who Plaintiff alleges is the entity that purchased her defaulted student loan debt (see, e.g., ECF No. 73 at ¶¶ 7, 21), remains ongoing and there is no indication that it is nearing completion. Tr. at 7-8. Additionally, Defendants could not explain how resolution of the liquidation proceeding against Arrowood Indemnity would simplify the issues in Plaintiff's case, such that waiting for that proceeding to conclude would lead to efficiencies here. Tr. at 6-7. Nor is it clear that proceeding with Plaintiff's claims now would unduly burden Defendants. By contrast, continued delay is prejudicial to Plaintiff. Plaintiff alleges that the judgments obtained against her by Defendants resulted in a lien on her primary residence and "a cloud on her title" which has "restricted her ability to relocate." ECF No. 73 at ¶¶ 56-57, 67. Plaintiff thus has a compelling interest in the prompt resolution of her civil suit. Finally, it is in Court's interest to have this case proceed to a final resolution. Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 104 (2d Cir. 2012) (affirming denial of a stay and noting that district court had "its own well-recognized interest in disposing of the causes on its docket with economy of time and effort for itself") (internal quotation marks and citation omitted).

Defendants rely on the injunction order by the Delaware Chancery Court, but "it is well settled that a state court does not have the power to enjoin a federal court from hearing a claim where the latter has jurisdiction over the parties and the subject matter." Crist v. J. Henry Schroder Bank & Tr. Co., 693 F. Supp. 1429, 1435 (S.D.N.Y. 1988) (concluding that injunctions issued by state courts barring actions against estate outside the liquidation proceeding did not

prevent federal court from hearing claim). And although the injunction order counseled in favor of a stay two years ago, it no longer weighs in favor of continuing to delay resolution of this case where two years have passed and the liquidation proceeding still remains ongoing.

Accordingly, for the foregoing reasons, the stay in the case is lifted.

**SO ORDERED.**

DATED:       New York, New York
             December 2, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4